Alberto **ALVARADO–REYES,**
aka Ener Vazquez–Mejia,
Petitioner,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

No. 05–71789.

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Thomas Snodgrass, DOJ–U.S. Department of Justice, Denver, CO, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Ener Vazquez–Mejia, aka Alberto Alvarado–Reyes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006), we dismiss in part, and grant in part the petition for review.

We lack jurisdiction to review the IJ's determination that petitioner's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gon-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*zales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

We also lack jurisdiction to review petitioner's contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

The IJ's adverse credibility finding is not supported by substantial evidence because it rests on the IJ's speculation and conjecture. *See Zhou v. Gonzales,* 437 F.3d 860, 865 (9th Cir.2006). Further, petitioner's use of aliases when confronted by immigration and law enforcement officials does not support a negative credibility finding. *See Turcios v. INS,* 821 F.2d 1396, 1400–01 (9th Cir.1987). Where, as here, the IJ's credibility determination rests on insufficient and impermissible grounds, the petitioner is deemed credible and corroborating evidence is not required. *See Singh,* 439 F.3d at 1109.

Accordingly, we grant the petition for review and remand for the agency to consider whether, taking petitioner's testimony as true, he has shown eligibility for withholding of removal and protection under CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.